**Freshfields Bruckhaus Deringer US LLP**

*Letter*

April 25, 2017

The Honorable Kenneth J. Mansfield
United States District Court
300 Ala Moana Blvd., Room C-338
Honolulu, Hawaii

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T  +1 202 777 4500 (Switchboard)
   +1 202 777 4565 (Direct)
F  +1 202 507 5965
E  richard.snyder@freshfields.com
www.freshfields.com

Re:  *Hu Honua Bioenergy, LLC vs. Hawaiian Electric Industries, Inc., et. al.*; Civil No.16-00634 JMS-KJM

Dear Judge Mansfield:

We write on behalf of our client, Defendant Hamakua Energy Partners ("HEP"), with regard to the Settlement Conference set for May 18-19, 2017[1] in the above-captioned matter. We respectfully request that, as authorized under LR16.5(b)(2), HEP be represented at the Settlement Conference by Lead Counsel, and that representatives of HEP be permitted to participate by telephone. All representatives of HEP with authority to make decisions with respect to this matter will not be in the Hawaiian Islands, and travel to Hawaii would present a significant burden. Pursuant to the requirements of LR16.5(b)(2), they agree to remain available by telephone during the entire Settlement Conference, regardless of time zone difference. Counsel from Carlsmith Ball and I will represent HEP in person.

We propose to proceed consistent with LR16.5(b)(2) for two reasons:

*First,* HEP has no direct role in the core remedy sought by Hu Honua, a new Power Purchase Agreement ("PPA") with Hawaii Electric Light Company ("HELCO"). Just as HEP had no role in HELCO's decision to terminate Plaintiff Hu Honua's PPA, any decision by HELCO to enter into a new PPA with Hu Honua would be HELCO's own, unilateral decision. In light of Hu Honua's stated goal for the Conference of agreeing to a new PPA with HELCO, we maintain there is no reason to deviate from LR 16.5(b)(2) and require HEP to attend in person.

*Second,* the Amended Complaint alleges no facts that support Hu Honua's allegations that HEP engaged in concerted action in restraint of trade, the sole claims against HEP.

The Amended Complaint pleads no facts supporting Hu Honua's conclusory allegation that Hu Honua "is informed and believes, and on that basis alleges, that HEP participated in and supported the termination of Hu Honua's PPA." Am. Compl. ¶ 99. It is devoid of the "who, did

---

[1] Consistent with the Court's Orders at Dkt. #59, 63, we understand that the Settlement Conference will take place Thursday and Friday, May 18-19, with Settlement Conference Statements due on May 11, and not on Sunday, May 14 with Settlement Conference Statements due on May 7, as specified in the Court's Rule 16 Scheduling Order, Dkt. #61, ¶ 13.

The Freshfields Bruckhaus Deringer US LLP partners include members of the Bars of the State of New York and the District of Columbia, Solicitors of the Supreme Court of England and Wales and Rechtsanwälte of Germany.

 **Freshfields Bruckhaus Deringer US LLP**

2|2

what, to whom (or with whom), where, and when" of an agreement by HEP to engage in concerted action, as required under *Twombly*. *Kendall v. Visa*, 518 F.3d 1042 (9th Cir. 2008).

Nor may Hu Honua rely on HEP's petitioning of the PUC to support its claims. Am. Compl. ¶99. First, HEP's submissions to the PUC are First Amendment-protected petitioning under the *Noerr-Pennington* doctrine and may not serve as the basis for antitrust claims. Second, the Amended Complaint mischaracterizes HEP's submissions to the PUC.[2] Finally, the PUC's approval of the Hu Honua PPA belies any notion that HEP's petitioning harmed Hu Honua.

Further, Hu Honua's allegation that HEP agreed to be acquired by HELCO offers no support for its Sherman Act Section 1 allegations that HEP agreed to engage in concerted action to restrain trade. Am. Compl. ¶ 91. First, the PUC's active supervision of this process means that the conduct is constitutionally protected by the *Parker* State Action Doctrine. Pursuant to the State Action Doctrine, actions of private actors undertaken pursuant to a clearly articulated and affirmatively expressed state policy that is actively supervised by the State are exempt from operation of the antitrust laws. *California Liquor Dealers v. Midcal Aluminum*, 445 U.S. 97 (1980). Second, Hu Honua's Amended Complaint ignores that HELCO's purchase of HEP is pursuant to a right of first refusal offer granted in the 1997 HEP PPA, approved by the PUC in 2000. (Ironically, Hu Honua's PPA with HELCO also grants HELCO a right of first offer.)

Nor can Hu Honua harmonize its allegations that HELCO terminated the Hu Honua PPA as part of an agreement with HEP with the record that shows that termination of the Hu Honua PPA resulted from Hu Honua's refusal to <u>lower its rate structure</u> and forgo a portion of the $435 million in lost profit it now claims. Ongoing price negotiations between Hu Honua and HELCO from late 2014 to the present belie any notion that termination of the Hu Honua PPA resulted from an anticompetitive agreement with HEP rather than from the breakdown in PPA negotiations between Hu Honua and HELCO. Nor can Hu Honua overcome clear evidence of its own failure to develop the site and meet contractual milestones, including that Hu Honua lost legal control over the site until it paid a contractor.

We appreciate your consideration of this request and hope that the Settlement Conference will inform both sides' positions and lead to an efficient resolution of Hu Honua's claims against our client.

Sincerely,

Richard S. Snyder

cc: All Counsel of Record

---

[2] HEP's Statement of Position states, in part, "HEP does not take a position as to the prudence of approving the power purchase agreement between HELCO and Hu Honua (the "Hu Honua PPA"). ... HEP asks that the Commission not only rule on the Hu Honua PPA, but that it also address the problems that will be raised by approval of the Hu Honua PPA and HELCO's slated dispatch plan once Hu Honua becomes operational." Application of Hawaii Electric Light Company, Inc., Statement of Position of Hamakua Energy Partners, L.P., Feb. 26, 2013 (Dkt. No. 2012-0212).