IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HU HONUA BIOENERGY, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., a Hawaii corporation; HAWAIIAN ELECTRIC COMPANY, a Hawaii corporation; HAWAII ELECTRIC LIGHT COMPANY, INC. a Hawaii corporation; NEXTERA ENERGY, INC., a Florida corporation; HAMAKUA ENERGY PARTNERS, L.P., a Hawaii limited partnership,<br><br>　　　　　Defendants. | CIVIL NO. 16-00634 JMS-KJM<br><br>DECLARATION OF KELLY A. HIGA |

## **DECLARATION OF KELLY A. HIGA**

I, KELLY A. HIGA, declare as follows:

1.　I am a Hawaiʻi licensed attorney with the law firm of Bronster Fujichaku Robbins and am one of the attorneys representing Plaintiff Hu Honua Bioenergy, LLC ("Plaintiff" or "Hu Honua") in this action.

2.　This declaration is based on personal knowledge unless

otherwise stated, and I am authorized and competent to testify to the matters stated herein.

3. I submit this declaration in support of the *Ex Parte* Motion to Shorten Time for Hearing on Plaintiff's Motion to Lift Discovery Stay and Requiring Response to First Amended Complaint [Dkt. No. 89] ("Ex Parte Motion").

4. Hu Honua is requesting that the hearing on the Motion to Lift Discovery Stay and Requiring Response to First Amended Complaint filed May 30, 2017 [Dkt. No. 89] ("Motion to Lift Stay") be heard as soon as practicable and prior to August 7, 2017.

5. As detailed in the Motion to Lift Stay, Hu Honua is requesting the lift of the discovery stay because (1) the disposition of Hawaiian Electric Defendants' Motion to Compel Arbitration [Dkt. No. 33] will not end or significantly narrow this case, (2) there is no undue burden or expense on Defendants to provide discovery they will eventually have to provide, and (3) Hu Honua will be prejudiced if the stay remains in place pending the Motion to Compel Arbitration.

6. If the instant *Ex Parte* Motion is not granted, Hu Honua will be prejudiced in its ability to prepare for trial and meet the Rule

2

16 Scheduling Order [Dkt. No. 61] deadlines.

7. Trial in this matter is set to commence on August 14, 2018. The Rule 16 Scheduling Order sets the dispositive motions deadline as March 14, 2018. The discovery stay prejudices Hu Honua by the compressing the timeframe to no more than 7 months to complete all discovery in this very complex and fact intensive case.

8. It is also notable that the discovery stay has already been extended by more than two months. The Rule 16 Scheduling Order contemplated that discovery was only to be stayed until May 22, 2017, the original hearing date on Hawaiian Electric Defendants' Motion to Compel Arbitration, or shortly thereafter the Court issued its order on the pending motion.

9. However, on May 12, 2017, the Hawaiian Electric Defendants requested that the Court continue the hearing on their Motion to Compel Arbitration [Dkt. No. 89] - the Court granted that request and continued the hearing date to August 7, 2017 [Dkt. No. 77]. Thus, the continuance of the hearing concomitantly extended the stay of discovery and HEP's obligation to respond to the First Amended Complaint by at least 77 days.

10. Moreover, the Motion to Lift Stay also requests that Defendant Hamakua Energy Partners, L.P. ("HEP") also answer the First Amended Complaint. Hu Honua is also requesting that the Motion to Lift Stay be heard before August 7, 2017 in particular because that is the date on hearings for both Defendant NextEra Energy, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. No. 73] and Hawaiian Electric Defendants' Motion to Compel Arbitration, etc. [Dkt. No. 33]. *See* Notice of Hearing [Dkt. No. 74], May 15, 2017 Entering Order [Dkt. No. 77].

11. If HEP is required to respond to the First Amended Complaint, the hearing on the Motion to Lift Stay should be heard on a date sufficiently in advance of the August 7, 2017 hearing so that, to the extent HEP moves with respect to the First Amended Complaint, any such motion can be heard on August 7, 2017.

12. On May 24, 2017, I asked Defendants' counsels whether they would agree to shorten the time for the hearing on Plaintiff's Motion to Lift Stay. Attached as **Exhibits "1"** through **"3"** are true and correct copies of my email correspondence with Defendants' counsel.

13. On May 24, 2017, the HEI Defendants' counsel agreed to

4

shorten time for hearing on the Motion to Lift Stay. See Exhibit "1."

14. On May 24, 2017, Defendant NextEra Energy, Inc.'s counsel declined my request to shorten time for hearing on the Motion to Lift Stay. See Exhibit "2."

15. On May 25, 2017, Defendant HEP's counsel declined my request to shorten time for hearing on the Motion to Lift Stay. See Exhibit "3."

16. Pursuant to LR6.2(e), I represent that I have been unable to obtain a stipulation shortening time on the Motion to Lift Stay because not all of the Defendants agree.

17. In the interests of equity, judicial economy, and efficiency, Plaintiff respectfully requests that the Court grant the *Ex Parte* Motion and hear Plaintiff's Motion to Lift Stay prior to the August 7, 2017 hearing.

Pursuant to 28 U.S.C. § 1746, I do declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of May, 2017, at Honolulu, Hawai'i.

/s/ Kelly A. Higa
KELLY A. HIGA