Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                1126
CLAIRE WONG BLACK          9645
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:    palston@ahfi.com
           cblack@ahfi.com

KENNETH R. O'ROURKE *[Pro Hac Vice]*
SARAH A. PFEIFFER *[Pro Hac Vice]*
RAUL A. CAMPILLO *[Pro Hac Vice]*
O'Melveny & Myers LLP
400 South Hope Street, Suite 1800
Los Angeles, CA   90071
Telephone:  (213) 430-6000
Facsimile:  (213) 430-6407
E-mail:    korourke@omm.com
           spfeiffer@omm.com
           rcampillo@omm.com

Attorneys for Defendant
NEXTERA ENERGY, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HU HONUA BIOENERGY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAIIAN ELECTRIC | Civil No. 16-00634 JMS-KJM<br><br>**DEFENDANT NEXTERA ENERGY, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION TO LIFT DISCOVERY** |

| | |
|---|---|
| INDUSTRIES, INC., a Hawai`i corporation; HAWAIIAN ELECTRIC COMPANY, INC., a Hawai`i corporation; HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawai`i corporation; NEXTERA ENERGY, INC., a Florida corporation; HAMAKUA ENERGY PARTNERS, L.P., a Hawai`i limited partnership,<br><br>Defendants. | STAY [ECF NO. 90]; CERTIFICATE OF SERVICE<br><br>Trial Date:  August 14, 2018<br>Trial Judge:<br>   Honorable J. Michael Seabright |

### DEFENDANT NEXTERA ENERGY, INC.'S OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING ON PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY [ECF NO. 90]

Plaintiff Hu Honua Bioenergy, Inc. ("Hu Honua") seeks an expedited hearing claiming that it "will be prejudiced in its ability to prepare for trial and meet the Rule 16 Scheduling Order deadlines" if it cannot begin discovery immediately [Dkt. 90-1 ¶ 6].  Hu Honua seeks to begin this "very complex and fact intensive" discovery even before the Court decides Defendant NextEra Energy, Inc.'s ("NextEra's") pending motion to dismiss [Dkts. 73-74].  Hu Honua has it backwards.

Until Hu Honua satisfies Rule 8's pleading requirements—indicated in this case by surviving NextEra's pending motion to dismiss—Hu Honua is not entitled to any discovery, let alone "very complex and fact intensive" discovery. If—as here—a complaint is "deficient under Rule 8, [the plaintiff] *is not entitled to*

1

*discovery, cabined or otherwise.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (emphasis added). The Ninth Circuit has reiterated that plaintiffs "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014).

Lower courts, including this Court, have denied discovery until Rule 8 is satisfied. *E.g.*, *Katz v. Am. Exp. Co.*, 2015 WL 631342, at *5 (D. Haw. Feb. 13, 2015) (Seabright, J.) (rejecting "Plaintiffs' protestations that they need discovery to support their claims" because plaintiffs "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it" (quotation omitted)); *see also Leon v. Conexant Sys.*, 2016 WL 795885, at *3 (S.D. Cal. Feb. 29, 2016) ("*Twombly* and *Iqbal*, and their progeny, make clear that fact discovery is available only to plaintiffs who have adequately pled their claims."); *Gerritsen v. Warner Bros. Entm't Inc.*, 2015 WL 4570081, at *2 (C.D. Cal. Mar. 2, 2015) (a district court "lacks discretion" to permit discovery "until defendants answer or [the court] has determined that [the plaintiff] has stated plausible claims for relief by denying a Rule 12(b)(6) motion").

With respect to the purported need for an expedited hearing on the discovery stay, Hu Honua waited 2-1/2 months to seek relief from the Magistrate Judge's March 13, 2017, order staying discovery. Even now it seeks to lift the stay as to only two of five Defendants, meaning that significant discovery will continue

to be stayed no matter what ruling is made on Hu Honua's motion. [Dkt. 89 (requesting discovery only against Defendants NextEra and Hamakua Energy Partners, L.P.).]

Hu Honua presents no basis to modify the discovery order already issued. NextEra has not delayed anything. NextEra responded to Hu Honua's First Amended Complaint well before it was required to do so under the Court's scheduling order.[1] And, as NextEra's motion to dismiss shows, Hu Honua's Complaint is fatally flawed: It is utterly lacking in the facts required to sustain ***any*** of the claims alleged against NextEra.

Nor has Hu Honua explained why NextEra should have to participate in expedited discovery briefing while its early motion to dismiss is pending. NextEra's motion calls into serious question whether Hu Honua will be allowed to continue its litigation against NextEra at all. If anything, the stay of discovery ought to be extended until a reasonable date after the ruling on NextEra's motion to dismiss.

---

[1] NextEra filed its motion on May 10, 2017 (before the first scheduled hearing on Hawaiian Electric's motion to compel arbitration on May 22, 2017), rather than wait until the deadline of twenty-one days after the arbitration motion is decided. [Dkt. 28.]

For the foregoing reasons, Hu Honua's *Ex Parte* Motion to Shorten Time should be denied.

DATED: Honolulu, Hawai`i, May 31, 2017.

    /s/ PAUL ALSTON
PAUL ALSTON
CLAIRE WONG BLACK
KENNETH R. O'ROURKE
SARAH A. PFEIFFER
RAUL A. CAMPILLO

Attorneys for Defendant
NEXTERA ENERGY, INC.

4