IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HU HONUA BIOENERGY, LLC, a Delaware limited liability company,<br><br>                   Plaintiff,<br><br>   vs.<br><br>HAWAIIAN ELECTRIC INDUSTRIES, INC., a Hawaii corporation; HAWAIIAN ELECTRIC COMPANY, INC., a Hawaii corporation; HAWAII ELECTRIC LIGHT COMPANY, INC., a Hawaii corporation; NEXTERA ENERGY, INC., a Florida corporation; HAMAKUA ENERGY PARTNERS, L.P., a Hawaii limited partnership,<br><br>                   Defendants. | Civil No. 16-00634 JMS-KJM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LIFT DISCOVERY STAY AND REQUIRING RESPONSE TO FIRST AMENDED COMPLAINT |

ORDER DENYING PLAINTIFF'S MOTION TO LIFT DISCOVERY
STAY AND REQUIRING RESPONSE TO FIRST AMENDED COMPLAINT

On May 30, 2017, Plaintiff Hu Honua Bioenergy, LLC ("Hu Honua") filed a Motion to Lift Discovery Stay and Requiring Response to First Amended Complaint ("Motion"). ECF No. 89. Defendants Hamakua Energy Partners, L.P. ("Hamakua"), Hawaii Electric Light Company, Inc. ("HELCO"), Hawaiian Electric Company, Inc., and Hawaiian Electric Industries, Inc. (collectively "Hawaiian Electric"), and NextEra Energy, Inc. ("NextEra") (collectively,

1

"Defendants") each filed their Memoranda in Opposition on June 14, 2017.  ECF Nos. 97-99.  Hu Honua filed its Reply on June 21, 2017.

The Motion came on for hearing before the Honorable Kenneth J. Mansfield on June 30, 2017 at 10:00 a.m.  Margery Bronster, Esq. and Barry Lee, Esq. appeared on behalf of Hu Honua.  Joyce Tam-Sugiyama, Esq. and Richard Snyder, Esq. appeared on behalf of Hamakua.  David Louie, Esq. and Joseph Stewart, Esq. appeared on behalf of Hawaiian Electric.  Claire Wong Black, Esq. and Kenneth R. O'Rourke, Esq. (telephonically) appeared on behalf of NextEra.

The Court, having reviewed and considered the Motion, the briefs, declarations, exhibits, and arguments of the parties in their written submissions and during the hearing, and being fully advised in the premises, hereby DENIES the Motion.

## BACKGROUND

Ho Honua filed its First Amended Complaint on January 27, 2017.  ECF No. 27.  On February 16, 2017, Hawaiian Electric filed a Motion to Compel Arbitration and Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction and/or Stay Proceedings Pending Completion of Arbitration ("Motion to Compel Arbitration").  ECF No. 33.  The Court set the Motion to Compel Arbitration for hearing on May 22, 2017.  ECF No. 34.

The Court held the Rule 16 Scheduling Conference on March 13, 2017, at which, in addition to setting the trial date and pretrial deadlines, the Court also (i) scheduled a two-day early settlement conference for May 18-19, 2017, and (ii) *sua sponte* stayed discovery pending a written order on the Motion to Compel Arbitration. ECF Nos. 59, 61.

On May 3, 2017, NextEra moved to dismiss Hu Honua's First Amended Complaint ("NextEra MTD"). ECF No. 73. The Court set the NextEra MTD for hearing on August 7, 2017. ECF No. 74.

On May 9, 2017, Ho Honua and HELCO entered into an Amended and Restated Power Purchase Agreement, which included language regarding a conditional settlement between Hu Honua and Hawaiian Electric. ECF No. 76. Hu Honua publicly announced this agreement the next day. *See Hu Honua Reaches Agreement with HELCO on Biomass Plant*, Hu Honua Bioenergy LLC (May 10, 2017), http://huhonua.com/hu-honua-reaches-agreement-with-helco-on-biomass-plant. In light of this new information, the Court continued the hearing on the Motion to Compel Arbitration to August 7, 2017. ECF No. 77.

The Court then held settlement conference discussions over the course of May 18-23. *See* ECF Nos. 80-81. Ho Honua and Hawaiian Electric reached a Confidential Settlement Agreement on May 23, 2017. ECF No. 88. Hu Honua announced this settlement with Hawaiian Electric the next day. *See Hu Honua*

*Reaches Agreement with HELCO*, Hu Honua Bioenergy LLC (May 24, 2017), http://huhonua.com/hu-honua-reaches-agreement-with-helco.

Neither NextEra nor Hamakua settled with Hu Honua. Hamakua moved to dismiss Hu Honua's First Amended Complaint on June 2, 2017 ("Hamakua MTD"). ECF No. 95. The Court set the Hamakua MTD for hearing on August 7, 2017. ECF No. 96.

By this Motion, Ho Honua seeks to lift the discovery stay the Court entered at the Rule 16 Scheduling Conference.[1] Ho Honua makes four primary arguments in support of its motion: (i) the disposition of the Motion to Compel Arbitration will not end or significantly narrow this case; (ii) there is no undue burden or expense on Defendants to provide discovery they will eventually have to provide; (iii) Ho Honua will be prejudiced if the stay remains in place pending disposition of the Motion to Compel Arbitration; and (iv) discovery should proceed notwithstanding the NextEra MTD and Hamakua MTD.

Defendants counter that (i) resolution of the Motion to Compel Arbitration may end or significantly reduce the scope of discovery; (ii) Hu Honua's proposed discovery imposes significant undue burden on Defendants who might be dismissed from this case altogether; (iii) any purported prejudice to Ho Honua by

---

[1] Because Hamakua has moved to dismiss the First Amended Complaint, the Court will not address that portion of the Motion seeking an order compelling Hamakua to respond to the First Amended Complaint.

4

delaying discovery can be offset by amending deadlines in the Rule 16 Scheduling Order; and (iv) Ho Honua is not entitled to discovery if its complaint cannot satisfy well settled pleading requirements.

For the reasons that follow, the Court concludes that the circumstances presented here warrant continuing the discovery stay until the pending motions are resolved.

## DISCUSSION

The central issue before the Court is whether it should maintain a stay of discovery pending resolution of three potentially dispositive motions: the Motion to Compel Arbitration, the NextEra MTD, and the Hamakua MTD. Although Hu Honua's Motion focuses solely on the Motion to Compel Arbitration, which was the only pending motion at the time the Court entered the stay, NextEra and Hamakua each subsequently moved to dismiss the claims against them. All three hearings are now set for August 7, 2017. Thus, the Court agrees with NextEra and Hamakua that the proper analytical framework at this point is to evaluate the merits of continuing the discovery stay pending a ruling on all three potentially dispositive motions.

A.   Plausibility Discovery Versus Trial Discovery

The law is well settled that a plaintiff is not entitled to discovery it might need to state a plausible claim for relief. *Mujica v. AirScan Inc.*, 771 F.3d 580, 593

(9th Cir. 2014). That is, a plaintiff "must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id.* (emphasis in *Mujica*) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions")); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 ("'[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'" (*quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528, n.17 (1983))). District courts in the Ninth Circuit, including this court, have heeded the Supreme Court's mandate that a plaintiff state a plausible claim to relief before embarking on discovery. *See, e.g.*, *Katz v. Am. Express Co.*, Civ. No. 14-00084 JMS-RLP, 2015 WL 631342, at *5 (D. Haw. Feb. 13, 2015) (citing *Mujica* and *Iqbal*).

Ho Honua, however, denies that it is seeking discovery to state a viable claim in the face of the pending motions, and attempts to distinguish the above line of cases on that basis. ECF No. 102 at 10 ("Hu Honua does not seek discovery here to plead its claims"). Hu Honua asserts instead that it seeks to begin discovery so that it may timely meet its obligations under the Rule 16 Scheduling Order:

> Hu Honua has not asked the Court to lift the discovery stay so that it may discovery facts to *plead* its claims. Rather Hu Honua has asked the Court to lift the discovery stay so that Hu Honua will have sufficient time

6

>   to discover additional facts in support of its well-pled
>   claims and prepare for trial.

ECF No. 102 at 9 (emphasis in original).

That Ho Honua does not seek discovery to oppose the pending motions does not discharge this Court of its obligation to ensure that Hu Honua has stated plausible claims for relief before permitting discovery. Under Hu Honua's rationale, a party could avoid the Supreme Court and Ninth Circuit mandate prohibiting "plausibility discovery" in the face of a motion to dismiss merely by asserting, as Hu Honua does, that it was trying to "discover additional facts" and "prepare for trial." ECF No. 102 at 9. That is, although "plausibility discovery" is plainly impermissible, Hu Honua asserts a right to take "trial discovery." Hu Honua offers no legal support for this proposition. This logic would turn *Iqbal*, *Twombly*, and *Mujica* on their heads by allowing a plaintiff to prepare for trial before the court has even determined whether that plaintiff has asserted a plausible claim. Accordingly, the Court declines to follow Hu Honua's rationale.

B.   The Court's Discretion to Manage Discovery

Finding no absolute right to discovery at this stage, the Court turns its focus to Hu Honua's argument that the discovery stay prejudices its ability to timely complete discovery and prepare for trial.[2]  "[T]he power to stay proceedings is

---

[2] Hu Honua's claimed "carrying costs" are project-based, not litigation-based. ECF No. 89-1 at 11. The Court disregards that argument accordingly.

7

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court has wide discretion in controlling discovery and the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Although Hu Honua claims that continuing the stay will further jeopardize its ability to prepare for trial, the Court anticipates that the parties will have ample time to prepare this case for trial within the established Rule 16 deadlines. Nevertheless, if they cannot, the Court may modify case management deadlines for good cause. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("the district court may modify the pretrial schedule 'if it cannot reasonably be met with the diligence of the party seeking the extension.'" (quoting Fed. R. Civ. P. 16(b)(4) advisory committee's note to 1983 amendment)).

In evaluating the propriety of an order staying discovery while dispositive motions are pending, the Court also considers the goal of recently amended Rule 1 of the Federal Rules of Civil Procedure, which directs that the Rules shall "be construed, administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." (emphasis added). Discovery, and in particular antitrust discovery, can be

expensive. As the District of Nevada summarized when evaluating its Rule 1 obligations under similar circumstances:

> this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013) (finding that a discovery stay was warranted given a potentially dispositive motion that required no discovery for resolution). The Court is guided by the judicial efficiency principles stated above and echoed by Local Rule 1.3 ("These rules . . . shall be construed, administered, and employed by the court and parties so as to be consistent with those rules and to promote the just, efficient, and economical determination of every action and proceeding.").

    Hu Honua agrees that discovery is not required to resolve the pending motions, which are potentially dispositive of all claims in this forum. Under the circumstances, the Court exercises its discretion and continues to stay discovery pending resolution of the Motion to Compel Arbitration, the NextEra MTD, and the Hamakua MTD. If any or all of the claims survive, and if Hu Honua is unable to timely meet its pretrial deadlines notwithstanding diligent prosecution of its case, Hu Honua may request that the Court modify the trial and pretrial schedule to mitigate any prejudice to Hu Honua resulting from the stay.

CONCLUSION

Based on the above, the Court finds that the circumstances of this case, along with the interest of achieving a just, speedy, and inexpensive resolution, warrant continuing to stay discovery. Accordingly, the Court DENIES the Motion to Lift Discovery Stay and Requiring Response to First Amended Complaint [ECF No. 89], and continues a stay of all discovery pending resolution of the Motion to Compel Arbitration [ECF No. 33], NextEra's Motion to Dismiss [ECF No. 73], and Hamakua's Motion to Dismiss [ECF No. 95].

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, July 6, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Hu Honua Bioenergy, LLC v. Hawaiian Elec. Indus., Inc., et al.*, CV 16-00634 JMS-KJM (Order Denying Plaintiff's Motion to Lift Discovery Stay and Requiring Response to First Amended Complaint)